Michele Braukmann
MERIDIAN LAW, PLLC
100 N. 27th Street, Suite 320
Billings, MT 59101
Ph: 406.578.8855
Cell: 406.671.3963
michele@meridianlawmt.com
www.meridianlawmt.com

*Attorneys for Plaintiff*

No. DV-22-14

FILED this 28 day of March 20 22

Barb Halverson

Clerk of District Court

By _____
Deputy Clerk

MONTANA FOURTEENTH JUDICIAL DISTRICT COURT

MUSSELSHELL COUNTY

| BLAKE MIRACLE,<br><br>      Plaintiff,<br><br>vs.<br><br>SIGNAL PEAK ENERGY, LLC, a Foreign Limited Liability Company,<br><br>      Defendant. | Cause No. DV-22-14<br><br>Judge    Randal I. Spaulding<br><br>**COMPLAINT AND JURY DEMAND** |
|---|---|

COMES NOW, Blake Miracle (hereinafter "Miracle" or "Plaintiff"), by and through Counsel of Record, Michele L. Braukmann, of Meridian Law, PLLC, and hereby asserts and alleges that he has been the subject of unlawful employment actions by his former employer Signal Peak Energy, a Montana corporation (hereinafter "the Mine" or "Defendant"), including wrongful termination.

In support of this Complaint, Miracle alleges as follows:

1

## PARTIES

1. Miracle is a former employee with the Mine, which conducts business and employs employees, including Miracle, in Musselshell County, Montana. Miracle resides in Yellowstone County, Montana.

2. Upon information and belief, Defendant is a foreign, for-profit corporation. The Mine conducts business throughout the State of Montana, and it employed employees in the State of Montana, including Miracle, during the course of his employment. Therefore, the Mine is subject to all requirements of the Wrongful Discharge from Employment Act ("the WDEA") and applicable state law related to wrongful discharge.

## JURISDICTION AND VENUE

3. Miracle hereby incorporates the previous paragraphs, as if fully set forth herein.

4. Jurisdiction is proper in Musselshell County, Montana, as the parties are located in and/or conducted business in Musselshell County and employed employees in Musselshell County, and the acts and omissions applicable to this lawsuit occurred in Musselshell County, Montana.

5. Venue is proper in Musselshell County, Montana, as the parties are located in and/or conducted business and employed employees in Musselshell County, and the acts and omissions applicable to this lawsuit occurred in Musselshell County, Montana.

## FACTS SUPPORTING ALL CAUSES OF ACTION

6. Miracle hereby incorporates the previous paragraphs, as if fully set forth herein.

7. Miracle was employed as a WDA Superintendent for the Mine up to December 14, 2021.

8. Miracle had been employed for longer than a year, either exceeding the statutory probationary period set forth under Montana law, or exceeding any purported policy-imposed probationary period set forth by the Mine.

9. Effective December 14, 2021, the Mine terminated Plaintiff's employment.

10. The Mine based its termination of Plaintiff's employment upon a false and unsubstantiated "rumor" that Plaintiff was allegedly receiving benefits from a contracting company working at the Mine, purportedly in violation of the Mine's Code of Business Conduct and Ethics.

11. No other reasons were given Plaintiff for termination of his employment.

12. Good cause did not exist for Miracle's termination from his employment.

13. The purported "rumor" relied upon by the Mine to terminate Plaintiff's employment was false, as Plaintiff was not receiving benefits from any contracting companies working at the Mine.

14. Prior to his termination, Miracle had not been subject to a single disciplinary action.

15. Prior to his termination, Miracle had not been subject to a single coaching incident.

16. Prior to his termination, Miracle had not been subject to any performance improvement plans.

17. Prior to his termination, Miracle had not received any negative performance evaluations.

18. Prior to his termination, Miracle had not been involved in any progressive discipline.

19. Prior to his termination, Miracle had not been subject to any demotions.

20. Prior to his termination, Miracle had not been subject to any reduced job duties.

21. Upon information and belief, the Mine failed to follow their own written policies and procedures regarding performance management for employees, when it made the decision to terminate Miracle based upon a purported "rumor."

22. Miracle now brings the following causes of action against Defendant, seeking recovery for the unlawful conduct towards him by Defendant.

## CAUSES OF ACTION

### Count I: Wrongful Discharge from Employment

23. Miracle hereby incorporates the previous paragraphs, as if fully set forth herein.

24. Montana's Wrongful Discharge from Employment Act ("the WDEA") prohibits discharge of an employee from their employment without "good cause." Mont. Code Ann. § 39-2-903 defines "good cause" as follows: "(5) "Good cause" means reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason."

25. The WDEA also provides as follows:

> 39-2-905. Remedies. (1) If an employer has committed a wrongful discharge, the employee may be awarded lost wages and fringe benefits for a period not to exceed 4 years from the date of discharge, together with interest on the lost wages and fringe benefits. Interim earnings, including amounts the employee could have earned with reasonable diligence, must be deducted from the amount awarded for lost wages. Before interim earnings are deducted from lost wages, there must be deducted from the interim earnings any reasonable amounts expended by the employee in searching for, obtaining, or relocating to new employment.
>
> (2) The employee may recover punitive damages otherwise allowed by law if it is established by clear and convincing evidence that the employer engaged in actual fraud or actual malice in the discharge of the employee in violation of 39-2-904(1)(a).

26. Miracle was discharged from his employment without "good cause."

27. Defendant based its termination of Plaintiff upon a false and unsubstantiated "rumor," without conducting any proper investigation or allowing Plaintiff to even respond and explain the situation. The Mine's single reason for termination of Miracle's employment does not constitute good cause, under Montana law.

28. Miracle's termination of employment by Defendant is a violation of the WDEA.

29. Upon information and belief, the Mine failed to follow their own written policies and procedures regarding performance management for employees, when it made the decision to terminate Miracle based upon a false and unsubstantiated "rumor."

30. Miracle is entitled to relief in this action, including back pay, back benefits, front pay, front benefits, lost wages, fringe benefits (both back and front), legally-allowable interest, and other consequential and compensatory damages allowed by law.

## Count II: Punitive Damages

31. Miracle hereby incorporates the previous paragraphs, as if fully set forth herein.

32. The WDEA provides as follows:

> 39-2-905. Remedies. (1) If an employer has committed a wrongful discharge, the employee may be awarded lost wages and fringe benefits for a period not to exceed 4 years from the date of discharge, together with interest on the lost wages and fringe benefits. Interim earnings, including amounts the employee could have earned with reasonable diligence, must be deducted from the amount awarded for lost wages. Before interim earnings are deducted from lost wages, there must be deducted from the interim earnings any reasonable amounts expended by the employee in searching for, obtaining, or relocating to new employment.
>
> (2) The employee may recover punitive damages otherwise allowed by law if it is established by clear and convincing evidence that the employer engaged in actual fraud or actual malice in the discharge of the employee in violation of 39-2-904(1)(a).

33. The Mine engaged in actual fraud or actual malice in the discharge of Miracle's employment. It failed to provide Miracle any opportunity to address any alleged issues, it fully

intended, with malice, to discharge Miracle without providing any other options for him continuing his employment, it utilized personal "feelings" of management, versus actual facts, to justify its termination of Miracle's employment, and it terminated Miracle based upon a false and unsubstantiated "rumor."

34. Moreover, Defendant's termination of Plaintiff's employment, based upon a false and unsubstantiated "rumor," was a pretext for management's personal feelings and animus towards Plaintiff.

35. Miracle is entitled to punitive damages for the actions of the Mine in discharging and/or allowing the discharge of his employment, based upon actual fraud and/or actual malice.

## REQUEST FOR RELIEF

WHEREFORE, Miracle respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

1. Lost wages and benefits, in an amount to be determined at trial, including both back and front pay;
2. Any other applicable compensatory and consequential damages;
3. Punitive damages against Defendant;
4. Pre-judgment and post-judgment interest at the highest lawful rate;
5. Attorneys' fees and costs of this action; and
6. Any such further relief as is deemed appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

## OFFER TO ARBITRATE

Plaintiff hereby offers to arbitrate his wrongful discharge claim subject to the provisions imposed by Mont. Code Ann. § 39-2-914:

1. A neutral arbitrator must be selected by mutual agreement or, in the absence of agreement, as provided in Mont. Code Ann. § 27-5-211;

2. The arbitration must be governed by the Uniform Arbitration Act, Title 27, Chapter 5 ("the UAA"). If there is a conflict between the UAA and the WDEA, then the WDEA applies.

3. The arbitrator is bound by the WDEA.

Pursuant to Mont. Code Ann. § 39-2-914, Defendant must accept or reject this offer in writing within thirty (30) days. If Defendant accepts this offer, arbitration is the exclusive remedy for Plaintiff's wrongful discharge claim, and Plaintiff cannot pursue that claim in federal or state court. The arbitrator's award on Plaintiff's claim will be final and binding, subject to review under the UAA. If Plaintiff prevails in arbitration, Plaintiff will be entitled to have the arbitrator's fee and all costs of arbitration paid by Defendant. Additionally, if Defendant rejects the offer to arbitrate and Plaintiff prevails in this action, he will be entitled as an element of costs his reasonable attorneys' fees incurred subsequent to that date.

DATED this 28th day of March, 2022.

MERIDIAN LAW, PLLC

By: *Michele L B*
MICHELE L. BRAUKMANN
100 N. 27th Street, Suite 320
Billings, MT 59101
Office: 406.578.8855
Cell: 406.671.3963
Email: michele@meridianlawmt.com
www.meridianlawmt.com

*Attorney for Plaintiff*